**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRENTISS J. BLAYLOCK, SR., <br><br> Plaintiff, <br><br> v. <br><br> PROSECUTOR WILLIAM REYNOLDS, ESQ., et al., <br><br> Defendants. | Civil Action No. 23-135 (KMW) (SAK) <br><br> **OPINION** |

**WILLIAMS, District Judge:**

    This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis*. (ECF No. 3.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed.

### I.    BACKGROUND

    In his complaint, Plaintiff contends that he believes that two state prosecutors employed by the Atlantic County Prosecutor's Office, Defendants Reynolds and Gerofolo, are violating his rights by prosecuting him for charges of being a felon illegally in possession of a weapon. (ECF

No. 1 at 2-5.) Although it is not entirely clear why Plaintiff believes the charge to be improper – he freely admits he was found to be in possession of a firearm at the time he was arrested and does not explicitly state in his complaint that he does not have a prior felony conviction sufficient to support the charge – it appears that Plaintiff believes either the way in which the state is proceeding is improper under state law, or that proceeding with just the certain persons offense is improper because another charge, unlawful possession of a weapon, was administratively dismissed. (*Id.*)

## II. <u>LEGAL STANDARD</u>

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6).  *Id.* (quoting *Twombly*, 555 U.S. at 557).  While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.  DISCUSSION

In his complaint, Plaintiff seeks to bring malicious prosecution and related Due Process claims against two prosecutors engaged in the litigation of his pending criminal charges.  The only two named Defendants in this matter, then, are state prosecutors against whom liability is sought based solely on actions taken in furtherance of a criminal prosecution.  Prosecutors, however, are immune from suit for actions taken to initiate or pursue a conviction on criminal charges.  *See, e.g., See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012).  Defendants are thus clearly immune from suit for the claims Plaintiff is currently seeking to raise against them, and his civil rights claims against Defendants

must therefore be dismissed. As all of the Defendants Plaintiff names are clearly immune from suit in this matter, Plaintiff's complaint shall be dismissed in its entirety.[1]

IV. **CONCLUSION**

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 3) shall be **GRANTED**, and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED**. An order consistent with this Opinion will be entered.

*Karen M. Williams*
Hon. Karen M. Williams,
United States District Judge

---

[1] Although the immunity issue is sufficient to require the dismissal of Plaintiff's complaint, the Court further notes that it appears Plaintiff may be seeking to use his complaint to have this Court interfere in his ongoing state criminal proceedings. This Court, however, may not do so and must abstain from hearing any claims which would compel the Court to interfere in ongoing state court criminal proceedings. *See ACRA Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014) (federal court must abstain from hearing claims which would require it to interfere in ongoing state court criminal and quasi-criminal proceedings). Thus, even were Defendants not immune, it is likely that this Court would have to abstain from hearing Plaintiff's claims to the extent he seeks to have this Court dismiss or otherwise interfere with his criminal charges.